Eva M. Weiler (SBN: 233942)
eweiler@shb.com
Brian P. Ziska (SBN: 272043)
bziska@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendant
sanofi-aventis U.S. LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY CALKINS,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI S.A., AVENTIS PHARMA S.A., SANOFI-AVENTIS U.S. LLC, separately and doing business as WINTHROP U.S., HOSPIRA WORLDWIDE, INC.; and SUN PHARMA GLOBAL INC.; and McKESSON CORPORATION d/b/a McKESSON PACKAGING; and SANDOZ INC.; and ACCORD HEALTHCARE, INC.; and PFIZER, INC.; and ACTAVIS PHARMA, INC.; and NORTHSTAR RX LLC; and EAGLE PHARMACEUTICALS, INC.<br><br>Defendants. | CASE NO.: 2:17-at-00970<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT SANOFI-AVENTIS U.S. LLC UNDER 28 U.S.C. §§ 1332, 1441, AND 1446.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Removed from Sacramento County Superior Court Case No. 34-2017-00210317]<br><br>[Filed concurrently with Attached Exhibits; Civil Cover Sheet; Disclosure Statement; and Notice of Related Cases] |

# TABLE OF CONTENTS


NOTICE OF REMOVAL OF CIVIL ACTION .................................................. 1

I. THE REMOVED CASE .................................................. 1

II. SANOFI-AVENTIS U.S. LLC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL .................................................. 2

III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 .................................................. 3

A. Diversity of Citizenship Exists Between the Properly Joined Defendants .................................................. 3

B. The Citizenship of McKesson Does Not Defeat Diversity Jurisdiction Because McKesson is Fraudulently Joined .................................................. 5

C. The Amount-in-Controversy Requirement is Satisfied .................................................. 7

IV. CONCLUSION .................................................. 10

DEMAND FOR JURY TRIAL .................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286 (E.D. Pa. Mar. 8, 2007) ........ 8

*Camara v. Bayer Corp.*, No. C 09-06084 WHA, 2010 WL 902780 (N.D. Cal. Mar. 9, 2010) ........ 6

*Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291 (E.D. Cal. Mar. 17, 2006) ........ 8

*Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659 (E.D. Tex. 2000) ........ 9

*Emrich v. Touche Ross & Co.*, 84 F.2d 1190 (9th Cir. 1988) ........ 2

*Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457 (S.D. Ill. June 30, 2006) ........ 9

*Gonzalez v. First NLC Fin. Servs.*, No. CV 09-4147 AHM, 2009 WL 2513670 (C.D. Cal. Aug. 12, 2009) ........ 3

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) ........ 5

*In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) ........ 8

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016) ........ 1

*Johnson v. Parke Davis*, 114 F. Supp. 2d 522 (S.D. Miss. 2000) ........ 6

*Jones v. Interstate Recovery Serv.*, 160 Cal. App. 3d 925 (1984) ........ 7

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ........ 3

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983) ........ 3

*Maffei v. Allstate California Ins. Co.*,
412 F. Supp. 2d 1049 (E.D. Cal. 2006) .......... 5

*McCoy v. Gen. Motors Corp.*,
226 F. Supp. 2d 939 (N.D. Ill. 2002) .......... 8, 9

*Quinn v. Kimble*,
228 F. Supp. 2d 1036 (E.D. Mo. 2002) .......... 8

*Roe v. Michelin N. Am., Inc.*,
613 F.3d 1058 (11th Cir. 2010) .......... 7, 9

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) .......... 7

*Singer v. State Farm Mut. Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) .......... 7

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) .......... 3

*United Computer Sys., Inc. v. AT&T Corp.*,
298 F.3d 756 (9th Cir. 2002) .......... 2

*Vu v. Ortho-McNeil Pharma., Inc.*,
602 F. Supp. 2d 1151 (N.D. Cal. 2009) .......... 5, 6

**Statutes**

28 U.S.C. § 1332 .......... 1, 3, 4, 10

28 U.S.C. § 1407 .......... 1

28 U.S.C. § 1441 .......... 1, 2, 3, 5, 10

28 U.S.C. § 1446 .......... 1, 2, 10

California Code of Civil Procedure § 425.10(b) .......... 7

# NOTICE OF REMOVAL OF CIVIL ACTION

Defendant sanofi-aventis U.S. LLC removes this action from the Sacramento County Superior Court to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth in more detail below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because McKesson Corporation ("McKesson") was fraudulently joined as it has no connection to this case. Moreover, plaintiff failed to adequately plead a cause of action against McKesson. In support of removal, sanofi-aventis U.S. LLC states as follows:

## I. THE REMOVED CASE

1. Plaintiff filed this civil action on March 30, 2017, in the Sacramento County Superior Court, styled *Rosemary Calkins v. Sanofi S.A., et al.*, Case No. 34-2017-00210317.

2. This case is one of more than 1,400 products-liability actions now pending in the federal courts in which plaintiffs allege they have permanent alopecia as a result of using Taxotere®. On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Taxotere® cases involving allegations of permanent alopecia to Judge Kurt D. Engelhardt of the United States District Court for the Eastern District of Louisiana for consolidated pretrial proceedings. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016). The JPML reasoned that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *Id.* at 1.

## II. SANOFI-AVENTIS U.S. LLC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. This removal is timely. Sanofi-aventis U.S. LLC files this Notice of Removal within 30 days of August 23, 2017, the date of service of the initial pleading upon sanofi-aventis U.S. LLC.

4. Pursuant to 28 U.S.C. § 1446(a), attached is a copy of all process, pleadings, and orders served upon sanofi-aventis U.S. LLC. *See* **Exhibit A**.

5. The United States District Court for the Eastern District of California is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, Sacramento County, California.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Sacramento County Superior Court.

7. As discussed below, McKesson was fraudulently joined in this case. Therefore, McKesson's consent is not required for removal. 28 U.S.C. § 1446(b)(2)(A) (requiring the consent for removal only of those defendants "who have been properly joined"); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'" (*quoting Emrich v. Touche Ross & Co.*, 84 F.2d 1190, 1193 fn. 1 (9th Cir. 1988)).

8. Likewise, pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants that have been properly joined and served must join in or consent to the removal of the action. According to the state court docket, only one summons has been issued (for sanofi-aventis U.S. LLC) and no proof of service has been filed. Thus, according to the current information, no other parties are required to join in or consent to this removal.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Removal under 28 U.S.C. § 1441(b) is appropriate in this matter since complete diversity of citizenship exists between plaintiff and all properly joined defendants. Specifically, the citizenship of McKesson is irrelevant for jurisdictional purposes since that defendant, as explained below, was fraudulently joined.

### A. Diversity of Citizenship Exists Between the Properly Joined Defendants.

10. This Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between plaintiff and the properly joined defendants.

11. According to the Complaint, plaintiff Rosemary Calkins is a citizen and resident of California. (*See* Compl. ¶ 6). State citizenship for diversity purposes requires that the individual be domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's place of residence is "prima facie" evidence of domicile. *Gonzalez v. First NLC Fin. Servs.*, No. CV 09-4147 AHM, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

12. Sanofi-aventis U.S. LLC is now and was at the time plaintiff commenced this action, a Delaware limited liability company with its principal place of business in New Jersey. (*Id.* ¶ 9.) Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC. Sanofi U.S. Services Inc. is now and was at the time plaintiff commenced this action, a Delaware corporation with its principal place of business in New Jersey.

Thus, for jurisdictional purposes, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

13. Sanofi S.A. is now and was at the time plaintiff commenced this action, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. (*See* Compl. ¶ 7.)

14. Aventis Pharma S.A. is now, and was at the time plaintiff commenced this action, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. (*See id*. ¶ 8.)

15. Hospira Worldwide Inc. is a Delaware corporation with its principal place of business in Illinois. (*See id.* ¶ 12).

16. Sun Pharma Global Inc. is a British Virgin Islands corporation with its principal place of business in the British Virgin Islands. (*See id.* ¶ 33).

17. Sandoz, Inc. is a Colorado corporation with is principal place of business in New Jersey. (*See id.* ¶ 54).

18. Accord Healthcare, Inc. is a North Carolina corporation with its principle place of business in North Carolina. (*See id.* ¶ 75).

19. Pfizer, Inc. "is an entity organized in a state other than the State of California" and "has its principal place of business in a state other than the State of California." (*See id.* ¶ 96).

20. Actavis Pharma, Inc. "is an entity organized in a state other than the State of California" and "has its principal place of business in a state other than the State of California." (*See id.* ¶ 118).

21. Northstar Rx LLC "is an entity organized in a state other than the State of California" and "has its principal place of business in a state other than the State of California." (*See id.* ¶ 140).

22. Eagle Pharmaceuticals, Inc. "is an entity organized in a state other than the State of California" and "has its principal place of business in a state other than the State of California." (*See id.* ¶ 162).

**B. <u>The Citizenship of McKesson Does Not Defeat Diversity Jurisdiction Because McKesson is Fraudulently Joined.</u>**

23. McKesson is alleged to be a citizen of California. (*See id.* ¶ 11). "Although an action may be removed to federal court only where there is complete diversity of citizenship one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations omitted). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "When determining whether a defendant is fraudulently joined, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006). Under the fraudulent joinder doctrine, the citizenship of resident defendant McKesson should be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(b)(2). *See, e.g., Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (disregarding a resident defendant's citizenship under the fraudulent joinder doctrine reasoning defendant was fraudulently joined because she did not market or distribute the product in question).

24. Fraudulent joinder exists here because McKesson has **<u>no connection</u>** whatsoever to this case. Plaintiff's allegations that "McKesson was in the business of labeling, selling, marking, packaging, repackaging, and distributing Taxtoere, including upon information and belief the Taxotere administered to Plaintiff" (Compl. ¶ 11) is factually incorrect and directly contradicted by the evidence.

25. The Complaint alleges plaintiff "was treated with docetaxel (TAXOTERE®) and/or a generic non-bioequivalent of same at Kaiser Permanente Hospital, located in Roseville, California." (*Id.* ¶ 230).

26. McKesson did not distribute branded Taxotere or generic docetaxel to any Kaiser Permanente Hospital, located in Roseville, California during plaintiff's treatment dates and the two years prior (i.e., from October 13, 2012 to February 5, 2015). (*See* Decl. of John Bohlinger In Support of Notice of Removal, ¶ 3 [attached as **Exhibit B**].)

27. Plaintiff's remaining conclusory allegations, which are directed at "Defendants" collectively, or just at Sanofi, are not supported by any specific factual allegations. Plaintiff has therefore failed to allege facts giving rise to a plausible claim of causation with respect to McKesson. *Camara v. Bayer Corp.*, No. C 09-06084 WHA, 2010 WL 902780, *3 (N.D. Cal. Mar. 9, 2010) (staying case pending transfer to MDL and declining to decide motion to remand because plaintiffs' complaint failed "to clearly explain the role of McKesson in the injury of these specific plaintiffs").

28. Therefore, there is no reasonable basis to recover against McKesson in this case. As such, McKesson is fraudulently joined and removal is proper. *See, e.g.*, *Vu*, 602 F. Supp. 2d at 1154–55 (finding that defendant was fraudulently joined in a products-liability action where defendant did not market or sell the product at issue to plaintiffs); *Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]").

29. On August 30, 2017, Judge Kurt D. Engelhardt overseeing the Taxotere MDL, denied remand in several removed California state court cases stating "[c]ounsel failed to provide any individualized information as to how McKesson is connected to each of these . . . plaintiffs. Rather, counsel provided the Court with

generalized statements regarding the dates in which McKesson has distributed Taxotere or generic Docetaxel throughout the United States. These types of nonspecific statements are insufficient to satisfy even the liberal 'upon information and belief' pleading standard that is utilized in the state of California." (8/30/17 MDL Hearing Transcript at 28:2-15 [attached as **Exhibit C**].)

**C. <u>The Amount-in-Controversy Requirement is Satisfied</u>**

30. The Complaint does not expressly state the amount in controversy, as California Code of Civil Procedure section 425.10(b) precludes a plaintiff from stating a specific damage claim in a personal injury action. *See Jones v. Interstate Recovery Serv.*, 160 Cal. App. 3d 925, 928 (1984). Where, as here, a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (noting that the court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").

31. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff alleges that, as a result of her use of Taxotere®, she "suffered serious and permanent physical and emotional injuries, including permanent hair loss." (*See* Compl. ¶ 2). Plaintiff claims that defendants caused her "to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent

disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life." (*Id.* ¶ 337). Courts across the country have routinely held that cases involving serious physical injuries, such as those alleged here, satisfy the amount in controversy requirement. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2 (E.D. Cal. Mar. 17, 2006) (amount-in-controversy requirement satisfied where plaintiffs sought compensatory damages for wage loss, hospital and medical expenses, general damage, property damage, and loss of earning capacity, and alleged "severe [injuries]," including head trauma, a broken right arm, a broken wrist and a deep laceration to the lower left leg); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, *6 (E.D. Pa. Mar. 8, 2007) (amount-in-controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments," and "the allegedly permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo. 2002) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought

damages for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

32. Sanofi-aventis U.S. LLC need not confirm through discovery in the state court action that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, *3 (S.D. Ill. June 30, 2006) (quoting *McCoy*, 226 F. Supp. 2d at 941); *see also Roe*, 613 F.3d at 1064 ("when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate . . . . Otherwise, a defendant could wrongly be denied the removal to which it is entitled."); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all," and that removal was untimely where it was apparent from the complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

///

///

///

///

///

///

///

## IV. CONCLUSION

In this civil action, there is complete diversity of citizenship between plaintiff and the properly joined defendants. The amount in controversy is also satisfied. Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant sanofi-aventis U.S. LLC hereby removes the above-captioned action to the United States District Court for the Eastern District of California.

Dated: September 20, 2017

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Eva M. Weiler*
EVA M. WEILER

Attorneys for Defendant
sanofi-aventis U.S. LLC

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues that may be tried by a jury.

Dated: September 20, 2017

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Eva M. Weiler*
EVA M. WEILER

Attorneys for Defendant
sanofi-aventis U.S. LLC